IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EFFIE LEE WELLS MONTFORD,          *
et al.,                           *
                                  *
          Plaintiffs,             *
                                  *
     v.                           *          CV 108-084
                                  *
STUCKEY TIMBERLAND, INC.,         *
                                  *
          Defendant.              *

_____

**O R D E R**

_____

Presently pending before the Court is Plaintiffs' Motion for Reconsideration (doc. no. 72) and Motion for Leave to Appeal (doc. no. 73). Upon due consideration, Plaintiffs' Motion for Reconsideration is **DENIED** and the Motion for Leave to Appeal is **GRANTED** to the extent set forth below.

## I. BACKGROUND

This case arises from the allegation that Defendant entered Plaintiffs' property and cut trees without permission. On June 27, 2008, *pro se* Plaintiffs Effie Lee Wells Montford ("Effie"), Lee Wells Montford, Samuel N. Montford Sr.,[1] Samuel N. Montford Jr., Derrick H. Montford, and Cedric K. Montford filed a complaint alleging various violations of federal and state law arising from

---

[1] The Court has listed Plaintiffs' names as they appear in the case caption, but Plaintiff Effie Lee Wells Montford stated during her deposition that the Court had erred by including Samuel N. Montford Sr. (Effie Dep. at 42.)

the dispute over an acre of land in Laurens County, Georgia. (Effie Dep. at 10-11, 13.)   Specifically, Plaintiffs alleged that Defendant violated their constitutional rights, as set forth under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments, and sought relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986.   Moreover, Plaintiffs asserted state law claims for criminal fraud, criminal trespass, civil trespass, criminal theft, physical humiliation, and physical damage to private property.   Plaintiffs and Defendant subsequently filed motions for summary judgment.   (Doc. nos. 56 & 64.)

On August 30, 2011, the Court issued an Order granting Defendant's motion for summary judgment and denying Plaintiffs' motion.   (Doc. no. 70.)   The Court held that Plaintiffs failed to present any evidence in support of their § 1981, § 1983, and § 1985 claims.   Moreover, the Court found that Plaintiffs could not assert relief directly under the constitutional amendments because they did not establish that Defendant acted under color of state law. The Court dismissed Plaintiffs' state law claims without prejudice after declining to exercise supplemental jurisdiction over them.

Plaintiffs' current motion seeks reconsideration of the Court's Order granting Defendant's motion for summary judgment. Within this motion, Plaintiffs also request "all copies of defense evidence used to examine and determine a favorable decision of judgment for [Defendant]."

## II. STANDARD FOR RECONSIDERATION

Plaintiffs have not indicated which Federal Rule of Civil Procedure they rely on to assert their Motion for Reconsideration. A motion for reconsideration can be made pursuant to Rule 59 or Rule 60, Shaarbay v. State of Florida, 269 Fed. Appx. 866, 867 (11th Cir. 2008), and therefore the Court must determine the Rule under which Plaintiffs' motion is properly considered. See, e.g., Brown v. Spells, No. 7:11-cv-091, 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (resolving whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b)). When a motion for reconsideration of a judgment is filed within the time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60. See Mahone v. Ray, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period). Because Plaintiffs filed their motion twenty-one days after the Court issued its Order, well within the twenty-eight day window set forth in Rule 59(b), the Court treats Plaintiffs' motion as a motion to alter or amend judgment pursuant to Rule 59(e).[2]

Under Rule 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry

---

[2]  The Order was entered on August 30, 2011, and Plaintiffs filed the present motion on September 20, 2011.

of the judgment. "[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). A movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted).

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three grounds for reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). Further, Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996).

### III. DISCUSSION

**A.   Motion for Reconsideration**

Plaintiffs have not set forth any grounds for relief under Rule 59(e) to justify a finding that the Court should alter its previous order.   Instead of presenting evidence of an intervening change of law, Plaintiffs assert the same legal basis for relief as they did in their original complaint.   As noted above, a motion for reconsideration is not a vehicle for rehashing arguments, and Plaintiffs' motion is an attempt to do just that.   Moreover, Plaintiffs did not preset any new evidence and instead rely only on evidence submitted at the summary judgment stage.   The Court reviewed this evidence when ruling on the motions for summary judgment and held that it did not support a federal cause of action.

Finally, reconsideration in this case is not necessary to correct a clear error of law or prevent manifest injustice. Plaintiffs believe the Court's August 30, 2011 Order was a "miscarriage of justice" because it allowed Defendant to take complete possession of the Montford family estate.   For the purpose of clarity, the Court reiterates that its August 30, 2011 Order did not address which party has title to the land in question or whether the removal of the trees amounted to trespass.   The Court merely determined that Plaintiffs' federal claims failed as a matter of law.   Therefore, the Court's Order cannot amount to a

"miscarriage of justice" as Plaintiffs are free to pursue their remaining state law claims in the appropriate superior court.

In conclusion, the Court notes that it has thoroughly considered the issues that form the basis of its prior ruling and finds neither a reason nor a legal basis for reconsidering its previous order.[3]

**B.     Motion for Copies of Defense Evidence**

In their motion for reconsideration, Plaintiffs also request "all copies of defense evidence used to examine and determine a favorable decision of judgment for [Defendant]." In reaching a decision on the parties' motions for summary judgment, the Court considered all evidence in the record including all affidavits and exhibits. Moreover, the Court viewed this evidence in the light most favorable to the non-moving party and drew all justifiable

---

[3]     Even if this Court considered the motion for reconsideration under Rule 60, it would still be denied. Reconsideration under Rule 60 is only available for one of the following six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60.

Plaintiffs have not demonstrated that any of the above-cited reasons justify reconsideration in this case. Plaintiffs failed to establish the presence of excusable neglect or mistake. Moreover, as noted above, Plaintiffs did not present any newly discovered evidence. With regard to the third reason, Plaintiffs claim that Defendant was allowed to use misleading answers to interrogatories. However, this assertion, without more, does not provide sufficient evidence to establish the elements of fraud or misrepresentation. Additionally, the judgment here is not void, nor was it based on a previous order that was reversed or vacated. Finally, "any other reason that justifies relief," is only available "upon a showing of exceptional circumstances." <u>Cavaliere v. Allstate Ins. Co.</u>, 996 F.2d 1111, 1115 (11th Cir. 1993) (internal citation omitted). Plaintiffs, however, have not identified any exceptional circumstances.

inferences in that party's favor.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).   If Plaintiffs wish to view the evidence relied on by this Court, they may review Defendant's briefs, as well as all evidence contained in the record.   The Court, however, sees no reason to provide Plaintiffs with this evidence, and therefore their motion is **DENIED**.

**C.    Motion for Leave to Appeal**

Plaintiffs also filed a "motion for leave to appeal" on the basis that Defendant was able to use misleading answers in its depositions.   The Court will treat Plaintiffs' "motion for leave to appeal" as a Notice of Appeal.   However, after reviewing the Notice of Appeal, it appears that it is insufficient.   Pursuant to Federal Rule of Appellate Procedure 3, a notice of appeal must: (1) specify the party or parties taking the appeal by naming each one in the caption or body of the notice; (2) designate the judgment, order, or part of the order being appealed; and (3) name the court to which the appeal is taken.

Although Plaintiffs comply with the first requirement, the Notice of Appeal does not designate the order they seek to appeal or the court to which the appeal is taken.   Therefore, Plaintiffs shall have thirty days from the date of this Order to file an amended Notice of Appeal with the Clerk of Court.   The notice shall

be labeled "Notice of Appeal" and shall specify the order or judgment being appealed and the Court to which the appeal is taken.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' motion for reconsideration and for copies of defense evidence (doc. no. 72) is **DENIED**. Plaintiffs' motion to appeal (doc. no. 73.) is **GRANTED** in part. However, Plaintiffs are **DIRECTED** to re-file a Notice of Appeal that complies with Federal Rule of Appellate Procedure 3(c) within **thirty (30) days** from the date of this Order. Should Plaintiffs decide to appeal the Court's ruling on their motion for reconsideration, they must specify in their Notice of Appeal that they seek to appeal both the Court's ruling on their motion for summary judgment, as well as their motion for reconsideration.

**ORDER ENTERED** at Augusta, Georgia, this _12th_ day of April, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA